07 CV 10724

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MYTIKAS SHIPPING CO. LTD.,

        Plaintiff,

- against -

ADVANCED ENGINEERING DEVELOPMENT LTD.,

        Defendant.
------------------------------------------------------------X

07 Civ.

ECF CASE

### VERIFIED COMPLAINT

Plaintiff, MYTIKAS SHIPPING CO. LTD. ("Plaintiff" or "MYTIKAS"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, ADVANCED ENGINEERING DEVELOPMENT LTD. ("Defendant" or "AEDL") alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the Marshall Islands with an office c/o Top Tankers Management Inc., Maroussi, Greece.

    3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address at Marbella, Spain.

4. At all material times, Plaintiff was the Owner of the M/T "LIMITLESS" (hereinafter the "Vessel").

5. By charter party contract dated August 7, 2007, Plaintiff chartered the Vessel to Defendant for the carriage of crude oil from one or two safe ports "CBS excluding C/O/H but including A/B/C Islands to one or two safe ports "Singapore-China range excluding Riverports. *See Exhibit "1" annexed hereto.*

6. Freight for the voyage was based on alternative lump sum basis: $3,950,00.00 for a voyage up to Hong Kong and $4,550,000.00 for a voyage north of Hong Kong.

7. At the commencement of the charter, Defendant instructed the Plaintiff to have the Vessel proceed to Curacao to await orders. More particularly, Defendant ordered the Vessel to proceed to Bullenbay terminal at Curacao to load a cargo to be nominated by non-party PDVSA.

8. Supplemental Clause 6 (page two) of the charter provides: "[Plaintiff] will verbally confirm availability of cargo stem with the applicable executive at PDVSA on Monday July 30th or Tuesday July 31st. If such confirmation is not received, [Defendant] will pay US$250,000 to [Plaintiff] prior to vessel sailing the US Gulf for Deviation of vessel to loadport."

9. The Vessel sailed from the US Gulf on August 3, 2007 but without a cargo confirmation having been received from PDVSA or Defendant paying the required $250,000.

10. The Vessel proceeded to Curacao and thereafter on August 8, 2007, Defendant repudiated the August 7, 2007 charter party contract by sending a message via brokers stating "PLS CANCEL THE VESSEL OUR ATTORNEYS IN GREECE WILL TAKE CARE OF THIS MATTER."

11. Plaintiff thereafter accepted Defendant's repudiatory breach of the charter party contract.

12. Had the Defendant not repudiated the charter party contract, Plaintiff would have generated gross earnings of $4,436,250.00 and expenses of $1,235,366.00, thus realizing net a profit under the contract of $3,200,884.00.

13. In order to mitigate its damages caused by the Defendant's breach of the charter party contract, Plaintiff chartered the Vessel to a third party and generated a net profit of $374,037.00.

14. Charter Party Rider Clause 1(d) provides for arbitration of disputes between the parties in London, England pursuant to English law.

15. Plaintiff is preparing to commence arbitration proceedings against Defendant on its claims.

16. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs, including attorney's fees, arbitrator's fees, disbursements and interest are recoverable as an element of the Plaintiff's claim.

17. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | | |
|---|---|---|---|
| A. | Principal claim | | |
| | i. loss of profit: | | $2,826,847.00 |
| | ii. liquidated damage (see ¶¶ 8-9, *supra*): | | $ 250,000.00 |
| B. | Interest for 2 years at 7.5% compounded quarterly: | | $ 492,977.58 |
| C. | Estimated attorneys' fees and expenses: | | $ 200,000.00 |
| D. | Estimated arbitration costs: | | $  50,000.00 |
| **Total** | | | **$3,819,824.58** |

18. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

19. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount **$3,819,824.58**

calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Plaintiff its attorney's fees and costs of this action; and

G.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: November 30, 2007
New York, NY

                                The Plaintiff,
                                MYTIKAS SHIPPING CO. LTD.

                         By: _____
                                Patrick F. Lennon (2162)
                                LENNON, MURPHY & LENNON, LLC
                                The GrayBar Building
                                420 Lexington Ave., Suite 300
                                New York, NY 10170
                                (212) 490-6050 – phone
                                (212) 490-6070 – fax
                                pfl@lenmur.com
                                nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Southport
County of Fairfield   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     November 30, 2007
           New York, NY

                                          _____
                                          Patrick F. Lennon